TRAXLER, Circuit Judge,
concurring.
I concur in the opinion of my colleague Judge Gregory. I write only to emphasize that when a party contends that the entry of a Consent Order has preclusive effect as to a subsequent action, the application of the res judicata doctrine is modified. See Keith v. Aldridge, 900 F.2d 736, 740-41 (4th Cir.1990). In such a case, “preclusive effect ... is determined by the intent of the parties” because of “the contractual nature of consent judgments.” Id. at 740, 741; see also Young-Henderson v. Spartanburg Area Mental Health Cntr., 945 F.2d 770, 774 (4th Cir.1991). A judgment entered “based upon the parties’ stipulation, unlike a judgment imposed at the end of an adversarial proceeding, receives its legitimating force from the fact that the parties consented to it.” Norfolk S. Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1288 (11th Cir.2004). It follows that we *267 apply traditional “contract interpretation principles to determine ... [i]f the parties intended to foreclose through agreement litigation of a claim.” Keith, 900 F.2d at 741. “The best evidence of [the parties’] intent is, of course, the settlement agreement itself.” Norfolk, 371 F.3d at 1289; see United States v. Armour & Co., 402 U.S. 673, 682, 91 S.Ct. 1752, 29 L.Ed.2d 256 (1971) (observing that “the scope of a consent decree must be discerned within its four corners”). Only if the Consent Decree is ambiguous or unclear should we look beyond the Order itself to determine whether the parties intended preclusive effect. See Norfolk, 371 F.3d at 1290.
Thus, the terms of the Consent Order drive our analysis, not the original complaint, and there is no need to engage in an identity of claims analysis that is not dependent on principles of contract. In this case, for the reasons Judge Gregory rightly points out, the Consent Order does not evidence an intent to foreclose the Trustee’s malpractice claim.